LISA PETERSON, MARY LYNN BUSH,  )
DIANE CASHON, GLENDA C. McNUTT,)
DANA ZEHNER, NANCY BOMAN,  )    Civil Action No. 3:09-cv-628
BRENDA KAY DODSON,  H. HOOPER )
PENUEL, LARRY ROE, TYCIA L.  )    Judge Wiseman
KESTERSON, PATRICIA LUMPKINS, )
LUANNE GREER,  )    Magistrate Judge Brown
  )
     Plaintiffs,  )
  )
  )
v.  )
  )
  )
JAMES DEAN, WALTEEN PARKER,  )
BARBARA VANATTA, acting under color )
of state law and in their official capacity as  )
members of the DeKalb County Election  )
Commission, and individually,  )
  )
LINDBERGH DENNIS, LOUISE MAYO, )
MATTHEW STUDD, acting under color of )
state law and in their official capacity as  )
members of the Cannon County Election  )
Commission, and individually,  )
  )
WAYNE CHESTER, DAN POWELL,  )
KITTY SODER, acting under color of state  )
law and in their official capacity as members  )
of the Weakley County Election Commission, )
and individually,  )
  )
STEVE GOGGANS, TESS ROBBINS,  )
JOYCE WEIHER, acting under color of  )
state law and in their official capacity as  )
members of the Henry County Election  )
Commission, and individually,  )
  )
JIM DAVIS, MARY SUE JORDAN,  )
DARLENE SCHRUBB, acting under color )
of state law and in their official capacity as  )
members of the Loudon County Election  )
Commission, and individually,  )

1

JEAN G. CODY, JOSEPH TERRY )
HERRIN, JOAN ROSS, acting under color )
of state law and in their official capacity as )
members of the Putnam County Election )
Commission, and individually, )
)
GARY DRINKARD, TOM TAYLOR, )
acting under color of state law and in their )
official capacity as members of the Rhea )
County Election Commission, and )
individually, )
)
OSCAR GARDNER, DORIS JONES, TOM )
WALKER, acting under color of state law )
and in their official capacity as members of )
the Rutherford County Election Commission, )
and individually, )
)
KYLE RICHARDSON, JACK RHYNE, )
STEPHANIE DAVIS, acting under color of )
state law and in their official capacity as )
members of the Union County Election )
Commission, and individually, )
)
PHYLLIS FINCHUM, CAROLYN )
ETHERTON, CECIL R. CHAMBERS, )
acting under color of state law and in their )
official capacity as members of the Jefferson )
County Election Commission, and )
individually, )
)
KYLE LUKE LEE, JR., TOMMY J. )
DYKES, CARL K. BAILEY, acting under )
color of state law and in their official capacity )
as members of the Hawkins County Election )
Commission, and individually, )
)
LINDA CHAMBERS, RICHARD )
DILBECK, MARY JANE STARK, )
acting under color of state law and in their )
official capacity as members of the Dickson )
County Election Commission, and )
individually, )
)
)
        Defendants. )

2

## AMENDED COMPLAINT

Plaintiffs, for their causes of action against Defendants, acting under color of state law and in their official capacity as members of their respective county election commissions, and individually, state as follows:

### INTRODUCTION

1. Plaintiffs bring this action to redress violations by Defendants of Plaintiffs' rights under the Constitutions and laws of the United States and State of Tennessee.

2. This is an action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of statute, regulation, custom or usage of rights, privileges and immunities secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States, namely, the right to exercise freedom of speech under the First Amendment.

3. This is an action pursuant to 42 U.S.C. § 1985(3) to redress the Defendants' acts of conspiring for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws, or of equal privileges and immunities secured to the Plaintiffs by the Fourteenth Amendment to the Constitution of the United States, namely, the right to exercise freedom of speech under the First Amendment.

4. This is an action pursuant to Article 1, section 4 of the Constitution of the State of Tennessee to redress Defendants' requirement and use of a political test as a qualification for an office created under the laws of the State of Tennessee.

### PARTIES

5. Plaintiff Lisa Peterson ("Ms. Peterson") is a citizen and resident of DeKalb County, Tennessee. Ms. Peterson served as administrator of elections for DeKalb County, Tennessee until her employment was terminated by certain Defendants representing DeKalb County on April 24, 2009.

3

6.      Plaintiff Mary Lynn Bush ("Ms. Bush") is a citizen and resident of Cannon County, Tennessee.  Ms. Bush served as administrator of elections for Cannon County, Tennessee until her employment was terminated by certain Defendants representing Cannon County on April 23, 2009.

7.      Plaintiff Diane Cashon ("Ms. Cashon") is a citizen and resident of Weakley County, Tennessee.  Ms. Cashon served as administrator of elections for Weakley County, Tennessee until her employment was terminated by certain Defendants representing Weakley County on April 23, 2009.

8.      Plaintiff Glenda C. McNutt ("Ms. McNutt") is a citizen and resident of Henry County, Tennessee. Ms. McNutt served as administrator of elections for Henry County, Tennessee until her employment was terminated by certain Defendants representing Henry County on May 29, 2009.

9.      Plaintiff Dana Zehner ("Ms. Zehner") is a citizen and resident of Loudon County, Tennessee.  Ms. Zehner served as administrator of elections for Loudon County, Tennessee until her employment was terminated by certain Defendants representing Loudon County on April 21, 2009.

10.      Plaintiff Nancy Boman ("Ms. Boman") is a citizen and resident of Putnam County, Tennessee.  Ms. Boman served as administrator of elections for Putnam County, Tennessee until she retired immediately following an April 23, 2009 public meeting at which certain Defendants representing Putnam County terminated Ms. Boman only weeks prior to her completion of thirty years of public service.

4

11.     Plaintiff Brenda Dodson ("Ms. Dodson") is a citizen and resident of Rhea County, Tennessee.  Ms. Dodson served as administrator of elections for Rhea County, Tennessee until she resigned on March 20, 2009 when informed by certain Defendants representing Rhea County her termination was imminent.

12.     Plaintiff H. Hooper Penuel ("Mr. Penuel") is a citizen and resident of Rutherford County, Tennessee.  Mr. Penuel continues to serve as administrator of elections for Rutherford County, Tennessee at this time, but was notified on May 1, 2009 that his termination is imminent.

13.     Plaintiff Larry Roe ("Mr. Roe") is a citizen and resident of Union County, Tennessee.  Mr. Roe served as administrator of elections for Union County, Tennessee until his employment was terminated by certain Defendants representing Union County on May 8, 2009.

14.     Plaintiff Tycia L. Kesterson ("Ms. Kesterson") is a citizen and resident of Jefferson County, Tennessee.   Ms. Kesterson served as administrator of elections for Jefferson County, Tennessee for nine years until her employment was terminated by certain Defendants representing Jefferson County on May 12, 2009.

15.     Plaintiff Patricia Lumpkins ("Ms. Lumpkins") is a citizen and resident of Hawkins County, Tennessee.  Ms. Lumpkins continues to serve as administrator of elections for Hawkins County, Tennessee at this time, but she has been notified that her termination is imminent.

16.     Plaintiff Luanne Greer ("Ms. Greer") is a citizen and resident of Dickson County, Tennessee.  Ms. Greer served as administrator of elections for Dickson County, Tennessee until her employment was terminated by certain Defendants representing Dickson County on July 21, 2009.

5

17.     Defendants James Dean, Walteen Parker, and Barbara Vanatta are citizens and residents of DeKalb County, Tennessee and all served under color of state law as members of the DeKalb County election commission at all times relevant to this Complaint.

18.     Defendants Lindbergh Dennis, Louise Mayo, and Matthew Studd are citizens and residents of Cannon County, Tennessee, and all served under color of state law as members of the Cannon County election commission at all times relevant to this Complaint.

19.     Defendants Wayne Chester, Dan Powell, and Kitty Soder are citizens and residents of Weakley County, Tennessee, and all served under color of state law as members of the Weakley County election commission at all times relevant to this Complaint.

20.     Defendants Steve Goggans, Tess Robbins, and Joyce Weiher are citizens and residents of Henry County, Tennessee and all served under color of state law as members of the Henry County election commission at all times relevant to this Complaint.

21.     Defendants Jim Davis, Mary Sue Jordan, and Darlene Schrubb are citizens and residents of Loudon County, Tennessee and all served under color of state law as members of the Loudon County election commission at all times relevant to this Complaint.

22.     Defendants Jean G. Cody, Joseph Terry Herrin, and Joan Ross are citizens and residents of Putnam County, Tennessee and all served under color of state law as members of the Putnam County election commission at all times relevant to this Complaint.

23.     Defendants Gary Drinkard and Tom Taylor are citizens and residents of Rhea County, Tennessee and all served under color of state law as members of the Rhea county election commission at all times relevant to this Complaint.

24.     Defendants Oscar Gardner, Doris Jones, Tom Walker are citizens and residents of Rutherford County, Tennessee and all served under color of state law as members of the Rutherford County election commission at all times relevant to this Complaint.

25.     Defendants Kyle Richardson, Jack Rhyne, and Stephanie Davis are citizens and residents of Union County, Tennessee and all served under color of state law as members of the Union County election commission at all times relevant to this Complaint.

26.     Defendants Phyllis Finchum, Carolyn Etherton, and Cecil R. Chambers are citizens and residents of Jefferson County, Tennessee and all served under color of state law as members of the Jefferson County election commission at all times relevant to this Complaint.

27.     Defendants Tommy J. Dykes, Carl K. Bailey, and Kyle Luke Lee, Jr. are citizens and residents of Hawkins County, Tennessee and all served under color of state law as members of the Hawkins County election commission at all times relevant to this Complaint.

28.     Defendants Linda Chambers, Richard Dilbeck, and Mary Jane Stark are citizens and residents of Dickson County, Tennessee and all served under color of state law as members of the Dickson County election commission at all times relevant to this Complaint.

<u>JURISDICTION AND VENUE</u>

29.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(1) and (3), and 1367(a).

30.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## STATEMENT OF FACTS

31.     The position of administrator of elections is statutorily created with the position, procedure for appointment, and a partial list of duties of the position set forth in Tenn. Code Ann. § 2-12-201.

32.     A county's administrator of elections is a county employee.

33.     Administrators of elections are ministerial officers who make no policy, enjoy limited discretionary authority, exercise no ultimate budgetary authority, and are expected to perform all duties of the office with political impartiality.

34.     At all times during Plaintiffs' respective tenure as administrator of elections, they ably performed their jobs and carried out the duties of their office with political impartiality in accordance with the law and the trust placed in them to be responsible for the daily operations of their office and the execution of elections.

35.     County election commissions are authorized by and subject to the provisions and requirements of Tenn. Code Ann. § 2-12-101, et. seq.  By statute, each county election commission must be composed of residents of its respective county in Tennessee.

36.     Defendants represent the Republican Party, the current majority party in the Tennessee General Assembly, as members of their respective county election commissions, pursuant to Tenn. Code Ann. § 2-12-103.

37.     County election commissioners are county employees.

38.     On December 20, 2008, Debra Young Maggart, House Republican Caucus Whip and member of the Tennessee Republican Party State Executive Committee, published a memo to elected Republican members of the Tennessee legislature setting forth a requirement that an individual be a "bona fide Republican" for appointment to positions such as election commissions.

8

39.     Unlike the state election commission and the county election commissions, a political test may not be the basis for termination of an individual employed as administrator of elections, because the office is protected by article 1, section 4 of the Constitution of the State of Tennessee which states as follows:

> That no political or religious test, other than an oath to support the Constitution of the United States and of this State, shall ever be required as a qualification to any office or public trust under this State.

40.     Upon information and belief, prior to each Defendant's appointment as a county election commissioner, Defendants met with members and officials of the state and county Republican Party and certain elected Republican members of the state legislature and committed, as a condition of their appointment, to terminate Plaintiffs' employment and appoint a member or supporter of the Republican Party to replace Plaintiffs.

41.     Defendants' acts of meeting with and promising state and county Republican Party officials to vote to terminate their respective county's administrator of elections in exchange for an appointment to their respective county election commission constitutes a conspiracy to terminate Plaintiffs solely because of their actual or perceived political party affiliation.

42.     Upon each Defendant's appointment to a county election commission by the state election commission, each individual swore to and filed an oath of office, as required by Tenn. Code Ann. § 2-12-104.   The oath states, in part, that each county election commissioner swears or affirms to "support the Constitution and laws of the State of Tennessee and … faithfully and impartially discharge the duties of [their] office."

9

43. When each Defendant swore or affirmed his or her oath, he or she acted with full knowledge of swearing falsely, because he or she had already vowed to officials of the state and county Republican Party and certain elected Republican members of the state legislature to violate the Constitution and laws of the State of Tennessee and not to act impartially.

44. Upon information and belief, prior to public meetings of each county election commission, Defendants in each county met in private and communicated, deliberated, and agreed to vote to terminate Plaintiffs' employment.

45. Defendants' acts of meeting, deliberating, and agreeing to terminate Plaintiffs constitute a conspiracy to terminate Plaintiffs solely because of their actual or perceived political party affiliation.

46. Prior to public meetings of the Putnam and Rhea County election commissions, certain Defendants representing Putnam and Rhea counties communicated directly and/or indirectly to Plaintiffs Ms. Boman and Ms. Dodson that they would be terminated as a result of their political party affiliation and replaced with an individual who is a member or supporter of the Republican Party.

47. As a direct result of certain Defendants' representations, Plaintiff Ms. Boman chose to retire just months shy of thirty years of public service as a direct result of her impending termination.

48. During the March 5, 2009 public meeting of the Rhea County election commission meeting, it was stated that being a Republican was a requirement for the position of administrator of elections. Ms. Dodson resigned as a direct result of her impending termination.

10

49.     Prior to public meetings of the DeKalb County election commission, Defendant Walteen Parker communicated directly to Plaintiff Ms. Peterson on multiple occasions and informed Ms. Peterson that she would be terminated as a result of her political party affiliation. On one occasion, Ms. Parker informed Ms. Peterson that she would be replaced by a specifically named individual who is a member or supporter of the Republican Party. Ms. Parker stated that the termination was strictly political.

50.     At the public meetings of the county election commissions on which Defendants respectively serve, save Rutherford County and Hawkins County, Defendants elected a new administrator of elections who is a member or supporter of the Republican Party, thereby terminating the employment of Plaintiffs solely because of their actual or perceived support of the Democratic Party.

51.     At public meetings of the county election commissions, save Rutherford County and Hawkins County, Defendants failed to consider "the knowledge and experience of such prospective appointee in the following areas: administrative, managerial, instructional, communication, budgetarial, purchasing, promotional, legal and general office skills and other related skills necessary to fulfill the statutory requirements of administrator" when evaluating its prospective appointee as mandated by Tenn. Code Ann. § 2-12-116(a)(1).

52.     At the public meetings of the county election commissions, save Rutherford County and Hawkins County, at which Plaintiffs were terminated, Plaintiffs were individually praised for the quality of their work as administrator of elections, and no criticisms of Plaintiffs' job performance relating to their administrative, managerial, instructional, communication, budgetarial, purchasing, promotional, legal and general office skills and other related skills were stated.

53.     But for their political affiliation, Ms. Peterson, Ms. Bush, Ms. Cashon, Ms. McNutt, Ms. Zehner, Ms. Boman, Ms. Dodson, Ms. Kesterson, and Ms. Greer would still be employed as administrators of elections.

54.     At the April 23, 2009 Weakley County election commission meeting, as reflected in the official minutes of the meeting, Defendant Kitty Soder stated that Plaintiff Ms. Cashon's termination was because of politics and no shortcomings on Ms. Cashon's part.  Ms. Soder stated that the termination was strictly a political move.

55.     At the April 23, 2009 Putnam County election commission meeting, Defendants Ms. Cody, Mr. Herrin, and Ms. Ross voted to terminate Ms. Boman, a public servant who was two months shy of completing thirty years of service, and stated that her replacement was to begin immediately.  Ms. Boman's replacement had arrived at the meeting with an election law book and binder and informed the commission that she had already quit her previous job in apparent reliance on Defendants' representations that she would be hired as the new administrator of elections.

56.     Plaintiffs Mr. Penuel and Ms. Lumpkins have yet to be terminated, but have received direct or indirect communications from Defendants in their respective counties, Rutherford County and Hawkins County, that their terminations are imminent because of their actual or perceived political party affiliation.

57.     On June 22, 2009, Rutherford County Defendants, Oscar Gardner, Doris Jones and Tom Walker, attempted to adjourn their commission's public meeting in order to reconvene only minutes later in a private meeting for the sole purpose of reviewing and discussing applicants for their county's administrator of elections position which is currently held by Mr. Penuel.

12

58.     On or about December 15, 2008, Ms. Lumpkins was informed by Defendant Carl Bailey that officials of the Republican Party told him that if he voted to retain Ms. Lumpkins as administrator of elections he would not be appointed to the Hawkins County election commission.

59.     On or about April 21, 2009, Defendant Tommy Dykes inquired to Ms. Lumpkins whether she would accept a lower level position within the county election office so that she could still do all the administrators work and allow him to appoint a member or supporter of the Republican Party to be the new administrator. Ms. Lumpkins was informed that this would make the Republican Party officials happy. Since that time, Ms. Lumpkins has been informed by multiple local officials that her termination is imminent.

60.     After Ms. Lumpkins had applied for her own job, as requested by the Commission, Hawkins County Defendants, Tommy Dykes, Carl Bailey, and Kyle Luke Lee, Jr., attempted to vote by secret ballot which applicants to interview for the administrator of elections position.

61.     Should Mr. Penuel and Ms. Lumpkins be terminated, they would suffer immediate and irreparable injury, loss, or damage in the form of the deprivation of their constitutional rights as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. Mr. Penuel and Ms. Lumpkins will also suffer damages by loss of employment and lost wages and retirement benefits.

62.     Pursuant to Defendants' acts, omissions, policy, practice, and/or custom, Defendants made a subjective determination based upon Plaintiffs' private political speech to terminate Plaintiffs' public employment or to take steps to terminate Plaintiffs' employment.

13

63.     Plaintiffs' protected speech was a substantial or motivating factor in Defendants' terminating Plaintiffs' employment or plans to terminate Plaintiffs' employment.

64.     Public employees such as Plaintiffs do not surrender their First Amendment rights by reason of their employment as administrators of elections. The First Amendment protects a public employee's right to political speech and his or her right to support the political party or candidate of their choice.

65.     Defendants' acts, omissions, policy, practice, and/or custom do not comport with constitutional safeguards protecting political speech and were enforced against Plaintiffs merely upon Defendants' desire to employ a bona fide Republican as administrator of elections.

66.     Defendants' policy is unconstitutional because it reaches more broadly than is reasonably necessary to protect legitimate state interests or promote the efficiency and effectiveness of the county election commissions at the expense of protected First Amendment freedoms.

67.     Plaintiffs' actual or perceived membership or support of the Democratic Party did not warrant the termination and threat of termination of their public employment.

68.     Defendants' outrageous, reckless, and wanton actions and omissions have violated Plaintiffs' constitutionally protected speech, caused Plaintiffs emotional distress, lost wages and income, and substantially affected Plaintiffs' earning capacity and potential.

14

## CAUSES OF ACTION

### I.

### 42 U.S.C. § 1983 – FIRST AMENDMENT – FREEDOM OF SPEECH

69.     By reason of the acts, omissions, policy, practice, and/or custom mentioned above, engaged under color of state law, Defendants have deprived Plaintiffs of their right of freedom of speech under the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendants have punished Plaintiffs by terminating, or taking steps to terminate, their employment based upon the viewpoint of Plaintiffs' political speech, expressed as a private citizen on a matter of public concern, with no compelling state interest that could justify such an action.

70.     Plaintiffs' memberships or perceived memberships in the Democratic Party were the substantial or motivating factors behind Defendants' decisions to terminate.

71.     Defendants have in place a policy, practice, and/or custom that grants them unbridled discretion to subjectively determine which political speech is permitted and which political speech is not permitted in violation of the First Amendment and by reasons of the acts, omissions, policy, practice, and/or custom, as set forth in this Complaint, Defendants have violated Plaintiffs' respective rights to freedom of speech under the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

72.     As a direct and proximate result of Defendants' violation of Plaintiffs' free speech, Plaintiffs have suffered injury and irreparable harm, including the loss of their constitutional rights, entitling them to declaratory relief and injunctive relief and damages.

II.

42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – EQUAL PROTECTION

73.     By reason of the acts, omissions, policy, practice, and/or custom mentioned above, Defendants have deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution by punishing Plaintiffs for their political speech as private citizens on a matter of public concern, while rewarding others who express and exercise their freedoms of political speech and permitting others to express and exercise their freedoms of political speech, thereby denying Plaintiffs' employment for viewpoints which Defendants find unacceptable or differ from their own.

74.     As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered injury and irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and damages.

III.

42 U.S.C. § 1985(3) – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

75.     By reason of the acts, omissions, policy, practice, and/or custom mentioned above, Defendants conspired with each other, members and officials of the state and county Republican Party, and certain elected Republican members of the state legislature for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws.

16

76.     There was a class-based, invidiously discriminatory animus behind the Defendants' conspiracy to deprive Plaintiffs, a distinct class of county administrators of elections who are perceived by Defendants to be supporters or members of the Democratic Party and/or supporters of Democratic Party candidates, of the equal enjoyment of rights secured by the law to all.

77.     Acting under color of state law, Defendants acted in furtherance of this conspiracy and injured Plaintiffs by depriving them of their employment as county administrators of elections and their First Amendment rights.   This conspiracy and acts in furtherance of the conspiracy were the direct result of Plaintiffs' Democratic Party political views and support of certain Democratic Party candidates as discoverable through Plaintiffs' primary voting history.

IV.

TENN. CONST. ART. I, § 4 – POLITICAL TEST

78.     By their acts, omissions, policy, practice, and/or custom mentioned above, Defendants have required or are requiring a political test as the sole and/or main qualification for the office of administrator of elections in direct violation of article 1, section 4 of the Constitution of the State of Tennessee.

79.     Defendants' conspiracy to not act impartially in regards to the termination and appointment of the Administrator of Elections and their actions to terminate the employment of Plaintiffs based solely on their actual or perceived political party affiliation violated article 1, Section 4 of the Constitution of the State of Tennessee and each Defendants' oath of office to which they swore or affirmed.

80.     Defendants' intentional and wrongful acts have directly resulted in the termination, or threat of termination, of Plaintiffs' employment with its salary and benefits.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs ask that this Court:

1.       declare Defendants have violated Plaintiffs' constitutional rights by violating their First Amendment rights to free speech and by terminating, or taking steps to terminate, their employment, pursuant to 28 U.S.C. §§ 2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court;

2.       declare Defendants' acts, omissions, policy, practice, and/or custom are unconstitutional as set forth in this Complaint, pursuant to 28 U.S.C. §§ 2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court;

3.       declare that administrators of elections are county officials or employees, as averred by Plaintiffs, rather than state employees, pursuant to 28 U.S.C. §§ 2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court;

4.       declare that county election commissioners are county officials or employees, as averred by Plaintiffs, rather than state employees, pursuant to 28 U.S.C. §§ 2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court;

5.       enjoin Defendants representing Rutherford County and Hawkins County from terminating or forcing the resignations of Mr. Penuel and Ms. Lumpkins, pursuant to 28 U.S.C. §§ 2201 and 2202, Rule 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court;

18

6.    order that all Plaintiffs, save Mr. Penuel, Ms. Lumpkins, and Ms. Boman, be reinstated to the position each held at the time of their termination, or in the alternative, order that Plaintiffs receive front pay for a reasonable amount of time, pursuant to 28 U.S.C. §§ 2201 and 2202, Rule 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court;

7.    order that Plaintiffs receive full back pay, pursuant to 42 U.S.C. § 1983 and other applicable law;

8.    award compensatory damages and punitive damages against Defendants, jointly and severally in each county, acting under color of state law and in their official capacity as members of the their respective county election commissions, and individually, with prejudgment interest pursuant to 42 U.S.C. § 1983 and other applicable law;

9.    award Plaintiffs reasonable attorneys' fees, costs, and expenses of this action pursuant to 42 U.S.C. § 1988 and other applicable law;

10.    grant other such relief it deems equitable and appropriate.

Respectfully submitted,

**BLACKBURN & McCUNE, PLLC**

s/ John Ray Clemmons
W. Gary Blackburn (#3484)
John Ray Clemmons (#25907)
101 Lea Avenue
Nashville, Tennessee 37210
Telephone: (615) 254-7770
Facsimile: (615) 251-1385
Email: gblackburn@bmclawyers.com
       jclemmons@bmclawyers.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion will be served on the following by electronic filing of the foregoing motion on the Court's CM/ECF filing system:

John D. Schwalb (#11671)
WILLIAMS & SCHWALB, PLLC
108 Fourth Avenue South, Suite 207
Franklin, Tennessee 37064
Telephone: (615) 794-7100
Facsimile: (615) 794-6333
Email: john_schwalb@msn.com
Counsel for Cannon, Henry, Loudon, and Rhea County Defendants


James C. Cope (#3340)
Jeff Reed (# 15000)
COPE, HUDSON, SCARLETT, REED & McCREARY, PLLC
16 Public Square North
Murfreesboro, Tennessee  37130
Telephone:  (615) 893-5522
Email: jcope@mboro.law.com
        jreed@murfreelaw.com
Counsel (Limited Appearance) for Rutherford County Defendants


I hereby certify that a true and correct copy of the foregoing motion will be served on the following by U.S. Postal Service certified mail, return receipt requested:

Kyle Luke Lee, Jr.
1321 West Main Street
Rogersville, Tennessee  37857

Tommy J. Dykes
2930 Goshen Valley Road
Rogersville, Tennessee  37857

Carl K. Bailey
116 Thorps Chapel Road
Rogersville, Tennessee  37857

James Dean
8725 Sparta Hwy.
Sparta, TN 38583

Walteen Parker
1628 Sparta Hwy.
Smithville, TN 37166

Barbara Vanatta
1762 Old Snow Hill Road
Dowelltown, TN 37059

Jean G. Cody
1522 Barnes Drive
Cookeville, TN 38501

Joseph Terry Herrin
7419 Southfork Road
Baxter, TN 38544

Joan Ross
1102 W. Cleveland Avenue
Monterey, TN 38574

Kyle Richardson
150 Graves Lane
Maynardville, TN 37807

Jack Rhyne
145 Valerie Lane
Maynardville, TN 37807

Stephanie Davis
860 Hinds Creek Road
Maynardville, TN 37807

Phyllis Finchum
1225 Creek Road
Stawplains, TN 37871

Carolyn Etherton
2176 Rainwater Road
Dandridge, TN 37725

Cecil R. Chambers
1076 Gay Street
Dandridge, TN 37725

Kyle Luke Lee, Jr.
1321 W. Main Street
Rogersville, TN 37857

Tommy J. Dykes
2930 Goshen Valley Road
Rogersville, TN 37857

Carl K. Bailey
116 Thorps Chapel Road
Rogersville, TN 37857

Linda Chambers
110 Robin Hood Road
Dickson, TN 37055

Richard Dilbeck
232 Brady Drive
Dickson, TN 37055

Mary Jane Stark
114 Annette Drive
Dickson, TN 37055

on this the 29th day of July, 2009.

s/ John Ray Clemmons_____
John Ray Clemmons

## VERIFICATION

STATE OF TENNESSEE            )
                             )
COUNTY OF DICKSON            )

    I, Luanne Greer, after first being duly sworn, depose and state that the allegations of the foregoing Amended Complaint are true and accurate to the best of my knowledge, information and belief.

    **FURTHER AFFIANT SAITH NOT.**

_____
LUANNE GREER

Sworn to and subscribed before me this 29th day of July, 2009.

My commission expires: _1-19-2011_.

_____
NOTARY PUBLIC

22

## VERIFICATION

STATE OF TENNESSEE          )
                           )
COUNTY OF JEFFERSON         )

I, Tycia L. Kesterson, after first being duly sworn, depose and state that the allegations of the foregoing Amended Complaint are true and accurate to the best of my knowledge, information and belief.

**FURTHER AFFIANT SAITH NOT.**

_____
TYCIA L. KESTERSON

Sworn to and subscribed before me this 27 day of July, 2009.

My commission expires: 9-01-10 .

_____
NOTARY PUBLIC



23

## VERIFICATION

STATE OF TENNESSEE      )
                                  )
COUNTY OF HAWKINS      )

     I, Patricia Lumpkins, after first being duly sworn, depose and state that the allegations of the foregoing Amended Complaint are true and accurate to the best of my knowledge, information and belief.

     **FURTHER AFFIANT SAITH NOT.**

PATRICIA LUMPKINS

Sworn to and subscribed before me this _24_ day of July, 2009.

My commission expires: _9/18/2012_

NOTARY PUBLIC

24