IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA PETERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 3:09-cv-628 |
| | ) Judge Wiseman/Brown |
| v. | ) |
| | ) |
| JAMES DEAN, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Presently pending before the Magistrate Judge is the Plaintiffs' Motion for Leave to File a Second Amended Complaint. (DE 47). Specifically, Plaintiffs seek to add new language in their Prayer for Relief which requests declaratory and injunctive relief for Defendants' alleged violations of TENN. CONST. Art. I § 4. Plaintiffs argue that this change is necessary to clarify their original intention in their First Amended complaint and that in Tennessee, Plaintiffs may seek declaratory and injunctive relief for claims arising under the Constitution of the State of Tennessee. *Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1 (Tenn. 2000); *Anderson v. Clarksville Montgomery County Sch. Sys.*, 2006 U.S. Dist. Lexis 39180 at *6 (M.D. Tenn. June 13, 2006).

Defendants object to this amendment, arguing that it is futile because it is well recognized

1

that Tennessee does not recognize a private cause of action based upon violations of the Tennessee Constitution. *Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n*, 15. S.W.3d 434 (Tenn. Ct. App. 1999). Additionally, the Defendants argue that violations of state law do not support §1983 claims under the U.S. Constitution and that the Plaintiffs' attempt to add a Tennessee Constitutional violation claim to this action is so they can certify the Constitutional question to the Tennessee Supreme Court to receive an advisory opinion. (DE 50 and DE 51). Defendants further argue that the Plaintiffs have recently filed numerous writs of certiorari actions in Tennessee Chancery Courts across the state seeking to have the same terminations that are the subject to the instant action overturned because they violate TENN. CONST. Art. I § 4. As such, the Defendants argue that the issue contained in the requested amendment should be decided by State courts. *Railroad Commission of Texas, et al. v. Pullman Company, et al.*, 312 U.S. 496 (1941).

The Magistrate Judge has throughly reviewed the relevant case law as well as both parties' briefs. It is clear that Tennessee, at present, does not recognize a private cause of action based upon violations of the Tennessee Constitution. The cases cited by the Plaintiffs are not on point and do not change the clear rulings on this matter. It is well established that leave to amend a pleading "shall be freely given when justice so requires" after a responsive pleading has been served. Fed. R. Civ. P. 15(a). However, amendments adding claims which would be futile and would not withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) are to be denied. Fed. R. Civ. P. 15(a); *Thikol Corp. v. Department of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993).

For these reasons, the Magistrate Judge finds that Plaintiffs' requested amendment would

2

be futile and therefore, need not rule on the issue of abstention.[1] Plaintiff's Motion for Leave to File a Second Amended Complaint (DE 47) is **DENIED**. The denial of the Plaintiff's motion could be considered dispositive. If so considered, any appeal to the District Judge would be de novo rather than clearly erroneous and contrary to law.[2]

/s/
JOE B. BROWN
United States Magistrate Judge

---

[1] However, the Magistrate Judge would note that even if there was such a cause of action, this Court has the discretion to abstain from ruling on the amendment or to decline jurisdiction in favor of the concurrent state proceedings under the Colorado River abstention doctrine and/or the Declaratory Judgement-Act. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Johnson Controls Inc. v. Thomas*, 287 Fed.Appx 496 (6th Cir. 2008). In this case, the Plaintiffs employ the same legal theory out of the same facts and seek to recover the same relief. As such, the state court proceedings on this issue directly parallel the proposed federal action.

[2] Denials of motions to amend have been treated as dispositive by some courts and as nondispositive by other courts. *Heil Co. v. Evanston Ins. Co.*, 2008 WL 901300 (E.D. Tenn. 2008); *Rice v. Askins*, 2009 WL 2163508 (W.D. Tenn. 2009); *Williams v. White Castle Systems, Inc.*, 526 F.Supp.2d 830 (M.D. Tenn. 2007).

3