IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA PETERSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAMES DEAN, et al, ) <br> ) <br> Defendants. ) | Civil Action No. 3:09-cv-628 <br> Judge Thomas A. Wiseman, Jr. |

### ORDER and MEMORANDUM of LAW

Magistrate Judge Joe Brown filed an Order denying Plaintiffs' Motion for Leave to File a Second Amended Complaint on the basis that Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. (Doc. No. 53.) Now pending before the Court is Plaintiffs' Appeal of Magistrate Judge Decision to District Court (Doc. No. 54), and their supporting Memorandum. (Doc. No. 55.) In their appeal, Plaintiffs challenge the denial of their motion on the grounds that, contrary to Magistrate Judge Brown's findings, Tennessee does in fact recognize a private right of action for injunctive relief based on actions in violation of the state constitution.

Plaintiffs concede that Tennessee does not recognize a private right of action for *damages* based on violations of the state constitution. In support of their argument that Tennessee does recognize claims for injunctive relief instead, Plaintiffs cite an opinion issued by Chief Judge Campbell which states, inter alia, that "[e]ven though there is no authority for the recovery of damages for a violation of the Tennessee Constitution, the Court has the inherent power to enjoin unconstitutional conduct." *Anderson v. Clarksville Montgomery Sch. Sys.*, No. 3:06-0324, 2006 U.S. Dist. LEXIS 39180, at *6 (M.D. Tenn. June 13, 2006). The *Anderson* opinion further recognized that other cases had denied a private right of action for "money damages, not injunctive relief." *Id.* (citing *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1995), and *Lee v. Ladd*, 834 S.W.2d 323, 324 (Tenn. Ct. App. 1992)). Plaintiffs also cite to other cases they claim serve as precedent for a private right of action for injunctive relief under the Tennessee Constitution. (Doc. No. 55, at 3-4 (citing *Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1 (Tenn. 2000); *Steele v. Waters*, 527 S.W.2d 72, 74 (Tenn. 1975)).

After reviewing the relevant Tennessee case law and the parties' briefs, this Court respectfully disagrees with the Magistrate Judge's conclusion that it is "clear" Tennessee does not recognize a private right of action based upon violations of the Tennessee Constitution. The cases upon which Defendants rely either refused to recognize a private right of action for *damages*,[1] or failed to identify specifically whether the claim in question sought damages or injunctive relief but resting their holdings on cases that declined to recognize a right of action to recover damages.[2] Nor does the Court agree with the Plaintiffs' assertion that cases such as *Planned Parenthood* or *Steele* provide precedent for a private right of action for injunctive relief under the Tennessee Constitution. Those cases enjoined the enforcement of facially unconstitutional *statutes* as to everyone; they did not concern individual unconstitutional *actions*. *See Planned Parenthood*, 38 S.W.3d at 51-52 (enjoining enforcement of Tennessee statutes found to be unconstitutional as violative of fundamental privacy rights protected by the Tennessee Constitution); *Steele*, 527 S.W.2d at 73-74 (enjoining enforcement of a Tennessee statute found to violate Article 1, Section 3, of the Tennessee Constitution). In both cases, the statute rather than the official was the underlying target of the injunction. Given the foregoing analysis, it does not seem clear to this Court that Tennessee courts have either recognized or proscribed a private right of action for injunctive relief, or whether they would be inclined to do so in the future. The only thing clear at this point is that Tennessee does not allow for a private right of action for *damages* based on violations of the Tennessee Constitution, which is not at issue in this case.

---

[1] *See, e.g.*, *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (affirming dismissal of the plaintiff's claim for damages based on violation of the right to privacy guaranteed by the Tennessee constitution, stating broadly that "Tennessee does not recognize a private cause of action for violations of the Tennessee constitution" (citing *Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn. Ct. App. 1992) (confirming that there was no authority under Tennessee law "for the recovery of damages for violation of the Tennessee Constitution by a state officer")); *Wooley v. Madison County,* 209 F. Supp. 2d 836, 844 (W.D. Tenn. 2002) ("[I]t is well established that Tennessee does not recognize an implied private cause of action for damages based upon violation of the Tennessee Constitution." (citing *Lee*, 834 S.W.2d at 324; *Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999) ("Tennessee, however, has not recognized any such implied cause of action for damages based upon violations of the Tennessee Constitution.")).

[2] *See, e.g.*, *Parker v. Henderson County*, 450 F. Supp. 2d 842, 856 (W.D. Tenn. 2006) (granting summary judgment on the grounds that "Tennessee courts have not recognized a private right of action for violations of the state constitution" (citing, among others, *Bowden Bldg. Corp.*, 15 S.W.3d at 446); *Boling v. Gibson County*, No. 05-1129-T-AN, 2005 WL 1936288, at *2 (W.D. Tenn. Aug. 1, 2005) (dismissing plaintiff's state constitutional claims on the basis that "Tennessee does not recognize an implied private cause of action for alleged violations of the Tennessee constitution" without distinguishing between claims for injunctive relief and damages (but under facts suggesting the plaintiff sought damages)).

This Court, however, does agree with the Magistrate Judge's finding that this Court may, under certain circumstances, decline to exercise jurisdiction over claims that are the subject of concurrent state court proceedings. This Court therefore declines to exercise supplemental jurisdiction over Plaintiffs' pendant state claims pursuant to 28 U.S.C. § 1367.[3] Section 1367 provides in relevant part that a district court may decline to exercise supplemental jurisdiction over a particular claim when:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). A district court's exercise of its discretion to refuse to extend supplemental jurisdiction over pendant state-law claims is subject to review under the deferential abuse-of-discretion standard. *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007).

In the present case, Plaintiffs seek to amend their complaint to request a judicial declaration that Defendants have been acting in violation of the Tennessee Constitution, and further that the Court enjoin Defendants from continuing to engage in such unconstitutional conduct. (Doc. No. 54.) As the foregoing discussion reveals, however, the question of whether the Tennessee Constitution allows for a private right of action for injunctive relief as to an individual remains an unsettled issue of state law. The fact that Plaintiffs have already filed parallel actions in state chancery court—and are pursuing certification to the Tennessee Supreme Court of that very question—further underscores that the issue remains unresolved. Consequently, this Court declines to exercise supplemental jurisdiction over this novel issue of state law pursuant to § 1367(c)(1). *Cf. Beechy v. Cent. Mich. Dist. Health Dep't*, 274 Fed. Appx. 481, 482 (6th Cir. Mich. 2008) (affirming district court's decision not to exercise supplemental jurisdiction over an issue of state law that the state courts should resolve without federal interference); *Beadle v. Memphis City Sch.*, No. 07-2718-STA-tmp, 2008 U.S. Dist. LEXIS 93492, at *15-*16 (W.D. Tenn. Nov. 18, 2008) (declining supplementary jurisdiction where the scope of non-employer liability under Tennessee law was unclear).

---

[3] The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* cannot apply to Plaintiffs' claim for injunctive relief. Similarly, the Sixth Circuit has held that the Colorado River abstention doctrine does not apply to claims for declaratory judgment. *Johnson Controls Inc. v. Thomas*, 287 Fed. Appx. 496 (6th Cir. 2008).

Similarly, it is also appropriate to decline supplemental jurisdiction over the Plaintiffs' pendant claims under § 1367(c)(4). *See Nat'l Bank of Tenn. v. McDonald*, No. 2:03-cv-401, 2006 U.S. Dist. LEXIS 79610, at *13-*14 (E.D. Tenn. Oct. 31, 2006) (declining supplemental jurisdiction under § 1367(c)(4) where the compelling reasons for doing so included the possibility of inconsistent results and the waste of judicial resources). The requisite compelling justification is clearly present given, as mentioned above, that Plaintiffs have filed similar suits in state chancery court and are already pursuing certification of the question of whether the Tennessee Constitution allows for a private right of action for injunctive relief through that medium to the Tennessee Supreme Court. (Doc. No. 53, at 2.) The Court further notes that the federalism issues potentially raised here provide another compelling reason to decline jurisdiction. Plaintiffs essentially seek to have a federal court enjoin county officials from violating the state constitution. Even though these county officials are apparently not entitled to Eleventh Amendment immunity, this Court remains hesitant to step into this field when the same issue is already being pursued in state court. *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (U.S. 1984) (warning that "is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law").

For the foregoing reasons, the Court finds that the Magistrate Judge's Order was correct in denying the Plaintiff's Motion for Leave to File a Second Amendment, albeit on alternative grounds. Accordingly, the Plaintiff's appeal of Magistrate Judge Brown's Order is overruled, and said order is hereby **AFFIRMED**. This case is hereby referred back to the Magistrate Judge for further pre-trial proceedings as necessary.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge