IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA PETERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:09-cv-628 |
| | ) |
| JAMES DEAN, et al., | ) Judge Thomas A. Wiseman, Jr. |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are four essentially identical Motions to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, filed respectively by Defendants Kyle Luke Lee, Carl Bailey, and Tommy Dykes, from Hawkins County (Doc. No. 73); Defendants Wayne Chester, Dan Powell, and Kitty Soder, from Weakley County (Doc. No. 78); Defendants James Dean, Walteen Parker, and Barbara Vanatta, from DeKalb County (Doc. No. 83); and Defendants Jean G. Cody, Joseph Terry Herrin, and Joan Ross, from Putnam County (Doc. No. 89) (collectively, the "moving Defendants").

All four of the motions seek dismissal of the claims against the moving Defendants on a variety of grounds, some meritorious and some not. As an initial matter, Plaintiffs concede that the Amended Complaint does not state a claim based on any violations of state law, so the motions to dismiss are hereby **GRANTED** insofar as they seek dismissal of any state law claims. More importantly, the Court finds that Defendants are state officials and that the claims for monetary damages asserted against them in their official capacity are subject to dismissal because Defendants, in their official capacity as state actors, are not subject to liability for monetary damages under § 1983. In addition, the claims against Defendants in their individual capacity for monetary damages are subject to dismissal because Defendants in their individual capacity are shielded by qualified immunity from liability for monetary damages: Even assuming the allegations in the complaint to be true, Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, in light of the fact that the question of whether county administrators of elections are protected from patronage dismissal remains an unsettled question of law. The motions to dismiss are therefore **GRANTED** insofar as they seek dismissal of the claims for monetary damages against Defendants in

both their representative and individual capacities.  To be clear, the claims for monetary damages brought against *all* Defendants, not merely the moving Defendants, are **DISMISSED**.

The motion for separate trials under Rule 42(b) is **DENIED WITHOUT PREJUDICE**.  In all other respects, Defendants' motions are **DENIED**.  The Plaintiffs' claims against Defendants in their individual and official capacity for prospective injunctive and declaratory relief will therefore remain pending.

This matter is referred back to the Magistrate Judge for further case management as necessary.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge