| | | |
|---|---|---|
| **LISA PETERSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 3:09-cv-628** |
| | ) | **Judge Sharp** |
| **v.** | ) | **Magistrate Judge Brown** |
| | ) | |
| **JAMES DEAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the Court are two Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry Nos. 183 & 184). On May 20, 2011, Defendants Kyle Luke Lee, Jr., Tommy J. Dykes, and Carl K. Bailey ("Hawkins County Defendants") filed a *Motion to Dismiss Plaintiffs' Second Amended Complaint on Behalf of Kyle Luke Lee, Jr., Tommy J. Dykes, and Carl K. Bailey, In Their Individual Capacities* (Docket Entry No. 183). Defendants Jean G. Cody, Joseph Terry Herrin, and Joan Ross ("Putnam County Defendants") and Defendants James Dean, Barbara Vanatta, and Walteen Parker ("DeKalb County Defendants") filed a *Motion to Dismiss All Individual Capacity Claims* (Docket Entry No. 184). (The above-mentioned defendants, who are bringing their motions in their individual capacities, are collectively referred to as "Individual Defendants"). Individual Defendants move the Court to dismiss all of Plaintiffs' (Patricia Lumpkins', Nancy Boman's, and Lisa Peterson's) remaining claims against them in their individual capacities. On June 3, 2011, Plaintiffs filed a response in opposition to Individual Defendants' motions to dismiss (Docket No. 188). For the reasons stated herein, Individual Defendants' motions to dismiss shall be granted.

## FACTUAL BACKGROUND

According to the allegations in the Second Amended Complaint, which the Court must accept as true for present purposes, the relevant facts are as follows:

Plaintiffs Peterson, Lumpkins and Bowman, residents of DeKalb County, Hawkins County, and Putnam County respectively, each served as an administrator of elections in their county of residence until they were terminated. (Docket No. 182, Second Amended Complaint ¶¶ 5, 10, 13.) Defendants Dean, Parker, and Vanatta are citizens and residents of DeKalb County, Tennessee. (Id. ¶ 15.) Defendants Cody, Herrin, and Ross are citizens and residents of Putnam County, Tennessee. (Id. ¶ 20.) Defendants Dykes, Bailey, and Lee are citizens and residents of Hawkins County, Tennessee. (Id. ¶ 23.) Plaintiffs allege that Defendants served under color of state law as members of their respective county election commissions. (Id. ¶¶ 15-23.) Plaintiffs further allege that Plaintiffs are county employees (Id. ¶ 28) and that "[a]dministrators of elections are ministerial officers who make no policy, enjoy limited discretionary authority, exercise no ultimate budgetary authority, and are expected to perform all duties of the office with political impartiality." (Id. ¶ 29.)

Defendants represent the Republican Party, the current majority party in the Tennessee General Assembly, as members of their respective county election commissions, pursuant to TENNESSEE CODE ANNOTATED § 2-12-103 (2003). (Id. ¶ 32.) Plaintiffs allege that prior to each Defendant's appointment as a county election commissioner, Defendants met with members and officials of the state and county Republican Party and certain elected Republican members of the state legislature. In these meetings, Defendants committed, as a condition of their appointment, to terminate Plaintiffs' employment and appoint a member or supporter of the Republican Party to replace Plaintiffs. (Id. ¶ 35.) Moreover, Plaintiffs further allege that prior to public meetings of each county election commission, Defendants in each county met privately and agreed to vote

to terminate Plaintiffs' employment. (Id. ¶ 39.)  Plaintiffs claim that Defendants' acts of meeting with and promising state and county Republican Party officials to vote to terminate their respective county's administrator of elections in exchange for an appointment to their respective county election commission constitute a conspiracy to terminate Plaintiffs solely because of their actual or perceived political party affiliation.  (Id. ¶¶ 36, 40.)  Plaintiffs specifically allege that they were each terminated as a result of their political party affiliation and replaced with a member or supporter of the Republican Party. (Id. ¶¶ 41, 44, 52.)   But for their political affiliation, Plaintiffs would still be employed as administrators of elections. (Id. ¶ 48.)

Based upon these factual allegations, Plaintiffs assert causes of action under 42 U.S.C. § 1983 for violation of their First and Fourteenth Amendment rights and under 42 U.S.C. § 1985(3) for conspiracy to interfere with their civil rights.  In the Court's December 2010 Order, Defendants were found to be state officials, and Plaintiffs' claims for monetary damages asserted against them in their official capacity were dismissed. In addition, the Court also dismissed Plaintiffs' claims for monetary damages against Defendants in their individual capacity. (Docket No. 154).  The only remaining claims against Defendants are for injunctive and declaratory relief.  However, for the reasons stated herein, Plaintiffs' claims for injunctive and declaratory relief against Individual Defendants in their individual capacity will be dismissed and Individual Defendants' Motions to Dismiss (Docket Nos. 183 & 184) will be granted.

## STANDARD OF REVIEW

As a general rule, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true.  Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).  The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what

claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)).

A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this entails showing "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S.Ct. 1949. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

## ANALYSIS

Individual Defendants aver that Plaintiffs' Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Docket No. 183-1 at 1). In support of their Motion to Dismiss, Hawkins County Defendants filed an accompanying Memorandum Brief (Docket No. 183-1). Putnam and DeKalb County Defendants rely on this Court's December 2010 Memorandum and Order (Docket Nos. 153 & 154) as well as the Motion and Memorandum (Docket Nos. 183 & 183-1) filed by Hawkins County Defendants. Individual Defendants submit that Plaintiffs' remaining claims can only be pursued against them in their official capacity. For the reasons set forth below, the Court agrees.

The Sixth Circuit has held that "[j]ust as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job,

*i.e.,* his official capacity." <u>Milligan v. United States</u>, No. 3:07-1053, 2008 WL 1994823, at \*15 (M.D. Tenn. May 2, 2008) (quoting <u>Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.</u>, 150 Fed. Appx. 389, 401 (6th Cir. 2005)). Similarly, the Seventh Circuit held that the equitable relief sought by the plaintiff could be "obtained only from the defendants in their official capacities, not as private individuals" because the relief sought from the defendants was for violations of a policy that they carried out in their official capacities. <u>Feit v. Ward</u>, 886 F.2d 848, 858 (7th Cir. 1989). Moreover, another federal district court reasoned that, "[p]laintiffs cannot obtain prospective injunctive relief from the Defendants sued in their individual capacities as such Defendants would not have the authority to provide such relief in their individual capacities." <u>Kuck v. Danaher</u>, No. 3:07-cv-1390, 2011 WL 4537976, at \*25 (D. Conn. Sept. 29, 2011). Previously, the same court stated that, the "injunctive relief of reinstatement could only be awarded against Defendants in their official capacities. Clearly, in their individual capacities they have no authority to reinstate Plaintiffs." <u>DeLoreto v. Ment</u>, 944 F. Supp. 1023, 1031 (D. Conn. 1996).

Here, Plaintiffs request injunctive and declaratory relief against Defendants. Considering the requested relief, the Court finds that such relief pertains to Defendants' official capacities rather than their individual ones. Accordingly, Plaintiffs cannot obtain injunctive or declaratory relief from Individual Defendants because Defendants would not have the authority to provide such relief in their individual capacities. Consequently, Plaintiffs' claims against Individual Defendants should be dismissed.

## CONCLUSION

On the basis of the foregoing, Individual Defendants' Motions to Dismiss (Docket Nos. 184 & 185) will be granted. To be clear, only the claims for injunctive and declaratory relief

brought against Hawkins, DeKalb and Putnam County Defendants in their individual capacities are dismissed. Plaintiffs' claims for declaratory and injunctive relief are the only potential remedies remaining against all Defendants in their official capacities.

An appropriate Order will be entered.


_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE